UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01593-FWS-MJR                                Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [12]**

Before the court are two matters: (1) Defendant General Motors LLC's ("Defendant") Motion to Dismiss Case, (Dkt. 10 ("Motion to Dismiss" or "MTD")); and (2) Plaintiff Roumen B. Antonov's Motion to Remand Case to Orange Superior Court, (Dkt. 12 ("Motion to Remand" or "MTR")). Both the Motion to Dismiss and Motion to Remand are fully briefed. (Dkts. 11, 17, 18, 19, 20, 21.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the Motion to Remand is **DENIED** and the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

A.    **Procedural Background**

Plaintiff initiated this suit in Orange County Superior Court on July 21, 2023, alleging three violations of the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1790 *et. seq.*, as well as a fraud claim and violations of California Business and Professions Code § 17200 *et seq.* (Dkt. 1-1 ("Compl.") ¶¶ 35-120.) Plaintiff served Defendant on July 26, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

(Dkt. 1 ¶ 3.)  On August 24, 2023, Defendant removed to federal court.  (Dkt. 1.)  On September 8, 2023, Defendant filed the Motion to Dismiss.  (Dkt. 10.)  On September 12, 2023, Plaintiff filed the Motion to Remand.  (Dkt. 12.)

## B.    Summary of the Complaint's Allegations[1]

On December 26, 2019, Plaintiff purchased a 2020 Chevrolet Bolt ("Vehicle") for personal, family, and/or household purposes from an authorized dealer in California.  (Compl. ¶¶ 7, 9.)  Plaintiff purchased the Vehicle subject to several express warranties, which stated that the Vehicle would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and that Defendant would repair any existing defects.  (*Id.* ¶ 11.)  The Complaint asserts Defendant impliedly warranted that the Vehicle would be of the same quality as similar vehicles sold in the industry and fit for the ordinary purposes for which similar vehicles are used.  (*Id.* ¶ 12.)

When the Vehicle exhibited "defects, non-conformities, misadjustments, or malfunctions," Plaintiff notified Defendant through one of its authorized service and repair facilities within a reasonable time of discovering the defect and invoked the applicable warranties to demand that the facilities repair the nonconformities.  (*Id.* ¶ 13.)  On each occasion, Defendant and its facilities represented that they would make the Vehicle conform to the applicable warranty and/or that they had successfully repaired the vehicle; however, Defendants failed to make the Vehicle conform to the applicable warranties in a reasonable number of attempts.  (*Id.* ¶ 14.)

Per the Complaint, Defendant represented that the Vehicle was safe and functional for normal use, but the Vehicle is not safe for normal use because its batteries may ignite if the battery is fully charged or if the battery mileage falls below seventy miles and the Vehicle may not be parked inside.  (*Id.* ¶¶ 16-17.)  As a result of the battery defect, Defendant issued a recall notice for the Vehicle in 2021 that warned customers that the Vehicle's charge should not

---

[1] For purposes of the Motion, the court "accept[s] factual allegations in the Complaint as true and construes the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

exceed 90%, the battery mileage should not fall below seventy miles remaining, and the Vehicle should not be parked indoors overnight. (*Id.* ¶ 18.) Plaintiff's use and enjoyment of the Vehicle has been severely limited by this defect, and Plaintiff would not have bought the Vehicle if he had known it was not safe and did not function as advertised. (*Id.* ¶¶ 31, 34.)

## II.   Legal Standard

### A.   Motion to Remand

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction," *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). A defendant's notice of removal must contain "a short and plain statement of the grounds for

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                         Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

removal." 28 U.S.C. § 1446(a). Because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," the defendant's "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014).

A plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack challenges "the form, not the substance" of the defendant's removal allegations by asserting the facts are "insufficient on their face to invoke federal jurisdiction." *Id.* Thus, the defendant need not respond to a facial attack with "competent proof" under a summary judgment-type standard. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). By contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). If the plaintiff mounts a factual attack, the defendant bears the burden of establishing the basis for removal jurisdiction by a preponderance of the evidence. *Harris*, 980 F.3d at 699. The plaintiff may rely solely on "a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence." *Id.* at 700.

### B.    Motion to Dismiss

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                                Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                     Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

### III.    Analysis

Because the Motion to Remand challenges the court's subject-matter jurisdiction, the court resolves the Motion to Remand prior to the Motion to Dismiss. *See, e.g.*, *Lambert v. CalPortland Co.*, 2020 WL 6802028, at *3 (C.D. Cal. Nov. 19, 2020) ("Plaintiff's Motion to Remand must be assessed first—if the Court remands, the Motion to Dismiss is moot.").

### A.     Motion to Remand

In the Motion to Remand, Plaintiff argues the court should remand this action because Defendant has not met its burden of proving, "by a preponderance of the evidence, that the allegations contained in its Notice of Removal are true," including by providing "competent evidence." (MTR at 6-7.) Plaintiff does not identify any specific procedural or substantive defects in Defendant's Notice of Removal. (*See id.* at 6-12.)

Defendant counters that Plaintiff has not contested any of Defendant's factual allegations and thus has not triggered an evidentiary challenge. (Dkt. 18 at 6.) Defendant also argues it has sufficiently alleged that the basis for the court's subject matter jurisdiction and that even if Plaintiff's Motion to Remand triggered an evidentiary challenge, Defendant has met its burden of proving the diversity jurisdiction by a preponderance of the evidence. (*Id.* at 6-13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

The court agrees that Plaintiff misconstrues the burdens of proof relevant to removal.[2] As the Ninth Circuit has explained, "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Academy of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Thus, "a notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id.* (quoting *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019)); *see also Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

The preponderance of the evidence standard Plaintiff cites "applies only after 'the plaintiff contests, or the court questions, the defendant's allegations' and 'both sides submit proof.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700-01 (9th Cir. 2018) (quoting *Dart Cherokee*, 574 U.S. at 88). Here, Plaintiff has not triggered the preponderance of the evidence standard because the Motion to Remand does not contest the truth of the Notice of Removal's allegations, including by introducing evidence outside the pleadings or presenting "reasoned argument[s] as to why [the] assumptions on which [defendant's numbers] are based are not supported by evidence." *Harris*, 980 F.3d at 700; *see also Pulyankote v. Gen. Motors, LLC*, 2023 WL 7104939, at *2 (N.D. Cal. Oct. 26, 2023) (finding that similar motion from plaintiff's

---

[2] Plaintiff also argues that cases interpreting the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), do not apply to this action. (MTR at 11.) Although CAFA's anti-removal presumption does not apply to this case, district courts consistently apply *Dart Cherokee*'s reasoning in non-CAFA actions. *See, e.g.*, *De Villing v. Sabert Corp.*, 2018 WL 6570868, at *2 (C.D. Cal. Dec. 11, 2018) (stating "*Dart Cherokee* interpreted 28 U.S.C. § 1446, which outlines the requirements for removing 'any' civil action" and collecting cases applying *Dart Cherokee* to non-CAFA actions); *Johnson v. Wal-Mart Assocs., Inc.*, 2023 WL 2713988, at *4 (C.D. Cal. Mar. 30, 2023) ("[B]ecause *Dart*'s holding was premised on an interpretation of § 1446(a) (the general provision allowing defendants to file notices of removal) and § 1446(c)(2)(A)-(B) (the provisions providing the requirements for removal based on diversity of citizenship conferred by § 1332), there is no reason to believe that the burdens set forth in *Dart* and the cases that have followed are limited to CAFA removals.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

counsel did not present an evidentiary challenge where plaintiff argued only that the defendant had not met its burden of proof on removal); *Wieg v. Gen. Motors, LLC*, 2023 WL 7104942, at *2 (N.D. Cal. Oct. 26, 2023) (same); *Swearingen v. Gen. Motors, LLC*, 2023 WL 7089936, at *2 (N.D. Cal. Oct. 25, 2023) (same).

Because Plaintiff has not triggered an evidentiary challenge, the court considers only whether the Notice of Removal plausibly alleges diversity jurisdiction. *See DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023) ("[W]here the moving party does not contest the removal notice's factual allegations but instead asserts that those allegations are facially insufficient to invoke federal jurisdiction, [the court] accept[s] the notice's factual allegations as true and draw[s] all reasonable inferences in favor of the remover.") (citing *Leite*, 749 F.3d at 1121-22).

The court finds the Notice of Removal plausibly alleges both the complete diversity and amount-in-controversy requirements.[3]  Specifically, the Notice of Removal alleges Plaintiff is a

_____

[3] In the Reply, Plaintiff appears to object to the declaration of Timothy Kuhn, (Dkt. 18-3 ("Kuhn Declaration")), as lacking personal knowledge, containing improper hearsay, and violating Federal Rule of Civil Procedure 43(c) and Local Rules 7-6 and 7-7.  (Dkt. 20 at 4-5.) The court finds Plaintiff's objections lack merit for three reasons.  First, Plaintiff does not adequately specify the portions of the Kuhn Declaration to which his objections pertain.  (*See generally* Dkt. 20.)  Second, the court finds Mr. Kuhn demonstrated adequate personal knowledge of the facts in the Kuhn Declaration by asserting he is employed as counsel by Defendant and has been responsible for managing Defendant's breach of warranty litigation in California since 2018.  (Kuhn Decl. ¶ 1); *see also, e.g.*, *Pulyankote v. Gen. Motors, LLC*, 2023 WL 7104939, at *2 n.5 (N.D. Cal. Oct. 26, 2023) (overruling plaintiff's objections to comparable declaration from Mr. Kuhn based on lack of personal knowledge); *Silva v. AvalonBay Cmtys., Inc.*, 2015 WL 11422302, at *4 n.1 (C.D. Cal. Oct. 8, 2015) ("Personal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities."); *United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006) ("Rule 701 . . . is meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job.").  Third, the court finds the Kuhn Declaration does not violate Federal Rule of Civil Procedure 43(c) or Local Rules 7-6 and 7-7.  Accordingly, the court

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                                Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

citizen of the state of California[4] and Defendant is a citizen of Michigan and Delaware.  (Dkt. 1 ¶¶ 10-15.)  The Notice of Removal further alleges the amount in controversy exceeds $75,000 because: (1) Plaintiff seeks replacement of the Vehicle or restitution of the amount actually paid and the Vehicle retails for $38,371.00; (2) Plaintiff requests a civil penalty of "two times" the actual damages; (3) Plaintiff seeks attorney's fees under the Song-Beverly Act and claims for attorney's fees in these cases regularly exceed $50,000; and (4) Plaintiff has also asserted claims for fraud and violations of California Business and Professions Code § 17200 *et seq.*, accompanied by a request for punitive damages.  (*Id.* ¶¶ 16-24.)  Based on these allegations, the court concludes that the Notice of Removal plausibly alleges diversity jurisdiction.

Accordingly, as with the numerous other cases in which Plaintiff's counsel filed rote motions to remand that failed to identify any deficiencies in the notice of removal or perform any substantive analysis, the court **DENIES** the Motion to Remand.  *See, e.g.*, *Salvestrini v. Gen. Motors, LLC*, 2023 WL 8255125, at *6 (S.D. Cal. Nov. 29, 2023) (denying similar motion to remand from plaintiff's counsel which argued only that defendant failed to meet its burden of proof upon removal); *Epperson v. Gen. Motors, LLC*, 2023 WL 8234646, at *6 (S.D. Cal. Nov. 28, 2023) (same); *Kubler v. Gen. Motors, LLC*, 2023 WL 7104940, at *2 (N.D. Cal. Oct. 26, 2023) (same); *Pulyankote*, 2023 WL 7104939, at *2 (same); *Wieg*, 2023 WL 7104942, at *2 (same); *Swearingen*, 2023 WL 7089936, at *2 (same).  As another district court stated, "[t]his lackluster effort is plainly insufficient, and the filing of a such a motion leads to a waste of the

---

**OVERRULES** Plaintiff's objections.  To the extent the court does not rely on evidence to which an evidentiary objection was raised, the court **DENIES AS MOOT** the objections.
[4] Plaintiff also argues in his reply brief that Defendant has failed to prove either Plaintiff's citizenship at the time of removal or that removal was procedurally proper.  (Dkt. 20 at 3-5.) "[D]istrict court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted); *see also FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) ("Courts decline to consider arguments that are raised for the first time in reply.") (collecting cases).  The court finds no reason to depart from this general principle and does not consider Plaintiff's arguments first submitted in reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                         Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

court's limited resources." *Mamchits v. Ford Motor Co.*, 2023 WL 6460888, at *2 (S.D. Cal. Oct. 4, 2023).

### B.  Motion to Dismiss

In the Motion to Dismiss, Defendant seeks to dismiss Plaintiff's fraud claim, inclusive of both the fraudulent misrepresentation and fraudulent concealment theories, and Plaintiff's claim for a violation of the "fraudulent prong" of California Business and Professions Code § 17200 *et seq.*  (MTD. at 7.)  Defendant argues the Complaint failed to allege any fraud theory with the particularity required by Federal Rule of Civil Procedure 9(b), including by alleging facts demonstrating that Defendant knew of and intentionally misrepresented or concealed material facts or that Defendant and Plaintiff had a transactional relationship triggering a duty to disclose.  (*Id.*)  Plaintiff does not address the majority of Defendant's arguments in his opposing brief and argues only that a transactional relationship exists between Plaintiff and Defendant and that Plaintiff should be given leave to amend his fraud claims.  (Dkt. 17 at 4-6.)

Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to Plaintiff's claims for fraudulent misrepresentation, fraudulent omission, and the violation of the "fraudulent prong" of the UCL.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, (9th Cir. 2009) (affirming dismissal of plaintiff's fraudulent omission claim for failure to satisfy the heightened pleading requirements of Rule 9(b)); *Shah v. Gen. Motors, LLC*, 2023 WL 8852491, at *5-6 (N.D. Cal. Dec. 21, 2023) (applying Rule (9)b to plaintiff's claims for fraudulent misrepresentation and fraudulent concealment, as well as the "fraudulent prong" of plaintiff's UCL claim).

Under Federal Rule of Civil Procedure 9(b), allegations of "fraud or mistake must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). Therefore, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (alteration in original) (citation and internal quotation marks omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how" of the alleged fraudulent activity.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

Cir. 2003) (citation and internal quotation marks omitted).  Allegations subject to Rule 9(b)'s heightened pleading requirement must also "set forth what is false or misleading about a statement, and why it is false."  *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The court assesses the sufficiency of each claim in turn.

1.     Fraudulent Misrepresentation

Defendant argues Plaintiff has not alleged a fraudulent misrepresentation with particularity because the Complaint fails to allege, *inter alia*, the identity of Defendant's employee that made the representation, the employee's authority to speak on Defendant's behalf, Defendant's knowledge of the alleged defects in the Vehicle at the time of Plaintiff's purchase, the specific marketing materials Plaintiff reviewed and relied upon when purchasing the Vehicle, and whether those marketing materials were produced by Defendant or an alternate entity.  (MTD at 12-13.)  In addition, Defendant argues Plaintiff's fraudulent misrepresentation claim fails because it is premised upon unactionable Environmental Protection Agency ("EPA") mileage estimates.[5]  Plaintiff does not oppose Defendant's arguments regarding the sufficiency of the fraudulent misrepresentation claim or the EPA mileage estimates.  (*See generally* Dkt. 17.)

The elements of fraudulent misrepresentation are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent

---

[5] Defendant also requests that the court take judicial notice of the United States EPA mileage estimates for 2020-2022 model-year Chevrolet Bolts.  (Dkt. 11 at 2.)  The court **GRANTS** Defendant's request for judicial notice because the EPA mileage estimates constitute records of administrative bodies that are publicly available on the EPA's website and not subject to reasonable dispute.  *See United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies.") (cleaned up); *Shah v. Gen. Motors LLC*, 2023 WL 8852491, at *4 n.6 (N.D. Cal Dec. 21, 2023) (granting request for judicial notice of EPA mileage estimate); *Jarose v. Cnty. of Humboldt*, 2020 WL 999791, at *4 (N.D. Cal. Mar. 2, 2020) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                                    Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). In addition, the plaintiff must allege that the defendant was aware of the purported defect at the time of sale. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146, 1148 (9th Cir. 2012) ("Plaintiffs must allege [the defendant's] knowledge of a defect to succeed on their claims of deceptive practices and fraud.").

In this case, the Complaint alleges that Defendant "willfully, falsely, and knowingly marketed the [Vehicle] as having the range capability to reach 259-miles on a full charge," this representation was material because "mileage range is essential to the reasonable consumer's decision-making process," and this representation was false because the Vehicle "contains a lithium-ion battery that causes the [V]ehicle to overheat during prolonged use, resulting in a substantial reduction in the [Vehicle's] range capability." (Compl. ¶¶ 69-70.) The Complaint further alleges Defendant "knew the representations were false," "intended Plaintiff to rely on them," and Plaintiff "decided to buy the [V]ehicle based in part on the false and misleading representations." (*Id.* ¶¶ 71-72.)

The court finds Plaintiff has not adequately alleged fraudulent misrepresentation for two reasons. First, to the extent Plaintiff relies on Defendant's use of EPA mileage estimates in its advertising as a purported affirmative misrepresentation, these allegations fail as a matter of law. *See Gray v. Toyota Motor Sales, U.S.A., Inc.*, 554 F. App'x 608, 609 (9th Cir. 2014) ("[N]o misrepresentation occurs when a manufacturer merely advertises EPA estimates."); *Paduano v. Am. Honda Motor Co., Inc.*, 169 Cal. App. 4th 1453, 1470 (2009) ("As a matter of law, there is nothing false or misleading about Honda's advertising with regard to its statements that identify the EPA fuel economy estimates for the two Civic Hybrid models."); *Kuehl v. Gen. Motors, LLC*, 2023 WL 8353784, at *2 (C.D. Cal. Nov. 17, 2023) ("GM's marketing of the Bolt's 259-mile range is thus not a misrepresentation as a matter of law.").

Second, Plaintiff's allegations regarding other fraudulent misrepresentations by Defendant, including that the Vehicle was "safe and functional for normal use," (*see, e.g.*, Compl. ¶¶ 16-17), fail to meet the applicable pleading standards. Critically, the Complaint does not adequately allege the identity of the person who made the alleged misrepresentations, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                              Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

dates the alleged misrepresentations were made, the nature of the advertising materials containing the alleged misrepresentations, the particular advertising materials Plaintiff personally reviewed and relied on, or the content of the affirmative misrepresentations with the specificity required by Rule 9(b). *See, e.g.*, *Swearingen v. Gen. Motors, LLC*, 2023 WL 7348309, at *4 (N.D. Cal. Nov. 6, 2023) (finding plaintiffs failed to state a claim for fraudulent misrepresentation where plaintiffs did not allege "the specific content of the allegedly false representations," "the identity of the GM employee(s) who made the allegedly false statements," and whether "GM had knowledge of the battery defect at the time of sale"); *Kuehl*, 2023 WL 8353784, at *2 (finding plaintiff failed to state a claim for fraudulent misrepresentation when she did not "identify what, specifically, GM represented, where, how, and to whom it did so, or how this is materially different from advertising the EPA-estimated range").

Similarly, the Complaint fails to "generally" allege Defendant's knowledge of the purported battery defect *at the time* Plaintiff purchased the Vehicle, as opposed to when the recall was issued two years later. *See, e.g.*, *Epperson*, 2023 WL 8628327, at *4 (finding plaintiff failed to allege defendant's knowledge of falsity by alleging only that defendant "knew of the defects at the time of the Vehicle's sale" and that defendant issued a recall "after [plaintiff] had already purchased the Vehicle"); *Shah*, 2023 WL 8852491, at *6 (finding plaintiff failed to allege defendant's pre-sale knowledge of battery defect purportedly impacting safety and mileage range by alleging defendant was "aware of issues with the battery of the Bolt"). Accordingly, the court concludes Plaintiff failed to state a claim for fraudulent misrepresentation and **GRANTS** the Motion to Dismiss with respect to that claim.

2.     Fraudulent Concealment

Defendant argues that Plaintiff's fraudulent concealment theory is barred by the economic loss rule and fails to comply with Rule 9(b)'s heightened pleading requirements. (MTD at 14-18.) Plaintiff does not address the economic loss rule but argues that "a transactional relationship" exists between Plaintiff and Defendant sufficient to sustain a claim for fraudulent concealment. (Dkt. 17 at 4-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                      Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

a.      *The Economic Loss Rule*

Under California law, the economic loss provides that "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly his remedy is said to be in contract alone, for he has suffered only 'economic' losses.'" *Robinson Helicopter*, 34 Cal. 4th at 988 (quoting *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 615 (Mich. 1992)).  Economic loss consists of "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Id.* (quoting *Jimenez v. Superior Ct.*, 29 Cal. 4th 473, 482 (2002)); *see also Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022) ("In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damages.").

The California Supreme Court has set forth a narrow exception to the economic loss rule, where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Robinson Helicopter*, 34 Cal. 4th at 990 (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999)).  In *Robinson*, this exception was expressly limited to instances where a plaintiff relied on a defendant's affirmative misrepresentations and was thereby exposed to liability "for personal damages independent of the plaintiff's economic loss." *Id.* at 993.  The California Supreme Court declined to address whether "intentional concealment constitutes an independent tort" falling outside the scope of the economic loss rule, *id.* at 991, and, to date, "[t]here is no controlling state precedent" indicating "whether fraudulent concealment claims are exempted from the economic loss rule." *See Rattagan v. Uber Technologies, Inc.*, 19 F.4th 1188, 1192 (9th Cir. 2021).

In December 2021, the Ninth Circuit certified the question of whether "claims for fraudulent concealment [are] exempted from the economic loss rule" to the California Supreme Court. *Id.* at 1193.  The California Supreme Court granted the Ninth Circuit's request for certification, and the case remains pending. *See Rattagan v. Uber Technologies, Inc.*, No. S272113, 2022 Cal. LEXIS 490 (Feb. 9, 2022).  In the absence of a decision from the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                          Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

Supreme Court, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (quoting *Sec. Pac. Nat'l Bank v. Kirkland (In re Kirkland)*, 915 F.2d 1236, 1239 (9th Cir. 1990)).

In this instance, the court finds the California Court of Appeal's decision in *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 844 (2022), *review granted*, 523 P.3d 392 (2023), to be persuasive authority[6] indicative of how the California Supreme Court may decide this issue. In *Dhital*, the California Court of Appeal stated:

> *Robinson* left undecided whether concealment-based claims for fraudulent inducement are not barred by the economic loss rule. The reasoning in *Robinson* affirmatively places fraudulent inducement by concealment outside the coverage of the economic loss rule. We now hold that the economic loss rule does not cover such claims.

84 Cal. App. 5th at 840-41.

The court also notes that a number of district courts within the Ninth Circuit have found the reasoning in *Dhital* similarly persuasive. *See, e.g.*, *Zurba v. FCA USA LLC*, 2022 WL 17363073, at *6 (C.D. Cal. Nov. 10, 2022) ("*Dhital* held, in an automotive defect suit similar to this one, that California's economic loss rule does not bar claims for fraudulent inducement by concealment such as Plaintiff's here. *Dhital*'s reasoning is sound."); *Flier v. FCA US LLC*, 2022 WL 16823042, at *6 (N.D. Cal. Nov. 8, 2022) ("Recently, a California Court of Appeal held that the economic loss rule does not bar fraudulent omission claims . . . . The Court finds this reasoning persuasive."); *Lewis v. Ford Motor Co.*, 655 F. Supp. 3d 996, 1002 (E.D. Cal. 2023) (finding that the economic loss rule does not bar plaintiff's fraudulent concealment claim based on *Dhital* and district court decisions adopting the same reasoning); *Olguin v. FCA US*

---

[6] In the usual case, when the California Supreme Court grants review of "a published opinion of a Court of Appeal," the decision "has no binding or precedential effect, and may be cited for potentially persuasive value only." Cal. R. Ct. 8.1115(e)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                             Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

*LLC*, 2023 WL 1972223, at *7 (E.D. Cal. Feb. 13, 2023) ("Based upon the recent holdings of the Fifth District Court of Appeal in *Dhital* and district court cases . . . the Court finds the economic loss rule does not bar [the plaintiff's] claim for fraudulent inducement."); *Fortune v. Nissan N. Am.*, 2023 WL 2065043, at *4 (N.D. Cal. Feb. 16, 2023) (finding the economic loss rule does not bar plaintiff's fraudulent concealment claim based on *Dhital*); *de Lozano v. Nissan N. Am., Inc.*, 2023 WL 3432240, at *4 (C.D. Cal. Apr. 20, 2023) (stating *Dhital* was "well-reasoned" and finding the economic loss rule did not bar the plaintiff's fraudulent concealment claim based on that reasoning).

Accordingly, based on the existing persuasive authority, including the California Court of Appeal's decision in *Dhital* and the district court decisions adopting its reasoning, the court concludes Plaintiff's fraudulent concealment claim is not barred by the economic loss rule as a matter of law.[7]  Therefore, the court **DENIES** the Motion to Dismiss as to the economic loss rule and proceeds to assess the merits of Plaintiff's fraudulent concealment claim.

> b.    *The Sufficiency of the Fraudulent Concealment Claim*

Defendant argues that Plaintiff's purchase of the Vehicle from a third-party dealership cannot give rise to the transactional relationship required to sustain a fraudulent concealment claim.  (MTD at 16-18.)  Plaintiff argues he has alleged a "transactional relationship" between Plaintiff and Defendant because "Plaintiff[] purchased the vehicle from a General Motors dealership, General Motors backed the purchase with an express warranty[,] and General Motors' authorized dealerships are its agents for purposes of the sale of General Motors vehicles to customers."  (Dkt. 17 at 4-5.)

To state a claim for fraudulent concealment, a plaintiff must allege:

> (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would

---

[7] In the event that the California Supreme Court reaches the opposite conclusion in *Rattagen* during the pendency of this action, Defendant may raise its economic loss rule argument again.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                                      Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

not have acted as he or she did if he or she had known of the concealed
or suppressed fact; and (5) plaintiff sustained damage as a result of the
concealment or suppression of the fact.

*Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606 (2014).

Under California law, a duty to disclose may arise where: (1) "the defendant is the
plaintiff's fiduciary;" (2) "the defendant has exclusive knowledge of material facts not known
or reasonably accessible to the plaintiff;" (3) "the defendant actively conceals a material fact
from the plaintiff;" or (4) "the defendant makes partial representations that are misleading
because some other material fact has not been disclosed." *Collins v. eMachines, Inc.*, 202 Cal.
App. 4th 249, 255-56 (2011) (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997);
*Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007)).

Where no fiduciary relationship exists between the parties, a duty to disclose "arises only
when the parties are in a relationship that gives rise to the duty, such as 'seller and buyer,
employer and prospective employee, doctor and patient, or parties entering into any kind of
contractual arrangement.'" *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311 (2017)
(quoting *Shin v. Kong*, 80 Cal. App. 4th 498, 509 (2000)). Generally, a relationship giving rise
to a duty to disclose requires "a transaction between the plaintiff and defendant," which
"necessarily arise[s] from direct dealings between the plaintiff and the defendant," rather than
"the defendant and the public at large." *Id.* at 311-12; *see also Hoffman v. 162 N. Wolfe LLC*,
228 Cal. App. 4th 1178, 1187 (2014) ("A relationship between the parties is present if there is
some sort of *transaction* between the parties.") (internal quotation marks omitted).

The court finds Plaintiff has failed to allege a transactional relationship giving rise to a
duty to disclose. Plaintiff alleges Defendant had a duty to disclose that the Vehicle's battery
was unsafe because Defendant: (1) "had exclusive knowledge of the material;" (2) "took
affirmative actions to conceal the material facts;" and (3) "made partial representations about
the mileage range, battery safety, and performance of the vehicle that were misleading without
disclosure of the fact that the vehicle contained unsafe batteries that caused the vehicle to
overheat and pose a risk of fire." (Compl. ¶ 78.) The court finds the first two allegations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                              Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

merely "[t]hreadbare recitals" of circumstances in which the duty to disclose can arise under California law that are otherwise unsupported by specific facts and thus insufficient to demonstrate a duty to disclose. *Iqbal*, 556 U.S. at 678; *see also Shah*, 2023 WL 8852491, at *8 (finding identical allegations were "rote recitations of when the duty to disclose can arise under California law," "conclusory," and "lacking in specific substantiating facts"). In addition, Plaintiff cannot rely on the "partial misrepresentations" referenced in allegation three to demonstrate a duty to disclose because Plaintiff has not adequately alleged any affirmative misrepresentations under Rule 9(b). *See* section III.B.1, *supra*.

The court further finds Plaintiff has not adequately alleged that the dealership where he purchased the Vehicle operated as Defendant's agent. Plaintiff alleges that only that he acquired the Vehicle "from an authorized dealer and agent" of Defendant and the dealership was "authorized by [Defendant] to do business in the State of California on behalf of [Defendant]." (Compl. ¶ 9.) This "[c]onclusory allegation[] of agency," without additional supporting facts, is "insufficient to establish an agency relationship for pleading purposes." *Kuehl*, 2023 WL 8353784, at *3 (citations omitted); *see also Epperson*, 2023 WL 8234646, at *9 (finding the plaintiff failed to "allege facts establishing an agency relationship between [the defendant] and the dealership" by making "the conclusory assertion that [the plaintiff] acquired the [Vehicle] . . . from an authorized dealer and agent of [the defendant]") (cleaned up); *Friedman v. Mercedes Benz*, 2013 WL 8336127, at *6 (C.D. Cal. June 12, 2013) (finding plaintiff failed to allege an agency relationship by stating only that the dealer "as an authorized Mercedes dealership, served as Mercedes' agent and representative" without any supporting facts); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 953 (C.D. Cal. 2012) (finding plaintiffs failed to allege an agency relationship by stating that "Honda's dealers . . . are its agents for vehicle repairs" because this was "essentially a legal conclusion framed as a factual allegation, unsupported by factual allegations concerning the relationship between defendants and the dealers").

Moreover, Plaintiff's argument that he sufficiently alleged an agency relationship pursuant to the California Court of Appeal's in *Dhital* does not alter the court's conclusion. (Dkt. 17 at 4-5.) The court notes that in *Dhital* the California Court of Appeal conducted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                              Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

limited substantive analysis of the plaintiffs' transactional relationship allegations due to the
defendant's failure to fully brief the argument.  84 Cal. App. 5th at 844 (holding plaintiffs'
allegations regarding buyer-seller relationship were sufficient at the pleading stage "in the
absence of a more developed argument by Nissan on this point").  The court finds *Dhital*'s
cursory analysis of the parties' alleged transactional relationship, without citation to *Bigler-
Engler* or other California precedent governing transactional relationships, unconvincing.  *See,
e.g.*, *Epperson*, 2023 WL 8234646, at *9 (finding "the reasoning [in] *Dhital* unpersuasive" with
respect to the transactional relationship because "it fails to discuss *Bigler-Engler*; any of the
numerous cases holding automobile dealerships to not be agents of manufacturers; or engage in
a substantive analysis regarding what factual allegations are required to successfully plead an
agency relationship"); *Kuehl*, 2023 WL 8353784, at *3 (rejecting *Dhital* because the California
Court of Appeal accepted the transactional relationship "allegation without analysis based on
the applicable state pleading standard" and the case "is currently under review by the California
Supreme Court").  In sum, the court concludes Plaintiff has failed to allege a transactional
relationship giving rise to a duty to disclose for purposes of his fraudulent concealment claim.
Therefore, the court **GRANTS** the Motion to Dismiss and **DISMISSES** Plaintiff's fraudulent
concealment claim.

### 3.    The "Fraudulent Prong" of the UCL Claim

Defendant does not specifically address Plaintiff's fifth claim, alleging a violation of the
"fraudulent prong" of the UCL, but argues generally that Plaintiff failed to plead all of his fraud
claims with particularity.  (MTD at 10-13.)  Plaintiff also does not offer any arguments
regarding the sufficiency of his UCL claim.  (*See generally* Dkt. 17.)

The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines
as 'any unlawful, unfair or fraudulent business act or practice.'"  *Kwikset Corp. v. Super. Ct.*, 51
51 Cal. 4th 310, 320 (2011) (quoting Cal. Bus. & Prof. Code § 17200).  Each prong of the UCL
provides a separate and distinct theory of liability.  *S. Bay Chevrolet v. Gen. Motors Acceptance
Corp.*, 72 Cal. App. 4th 861, 878 (1999).  "To state a claim under the UCL based on its
"fraudulent" prong, "it is necessary only to show that members of the public are likely to be
deceived."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).  This means that, "unlike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                          Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

common law fraud, [a violation] can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage." *S. Bay Chevrolet*, 72 Cal. App. 4th at 888 (citation and internal quotation marks omitted). For example, "[f]alse advertising is included in the 'fraudulent' category of prohibited practices." *Zhang v. Super. Ct.*, 57 Cal. 4th 364, 370 (2013) (citation omitted).

With respect to the "fraudulent prong" of Plaintiff's UCL claim, the court finds Plaintiff merely reiterates the same allegations of fraud he alleged for his fraudulent misrepresentation and fraudulent concealment claims, namely that Defendant used a defective battery without notifying prospective customers that the battery was unsafe. (*See, e.g.*, Compl. ¶¶ 83-86, 101-09.) Because Plaintiff's claim for a violation of the UCL's "fraudulent prong" relies on the same theories of fraudulent misrepresentation and fraudulent concealment that the court found to be insufficient above, the court concludes Plaintiff has also failed to allege a violation of the "fraudulent prong" of the UCL. Accordingly, the court **GRANTS** the Motion to Dismiss and **DISMISSES** Plaintiff's claim alleging violations of the "fraudulent prong" of the UCL.

**C.    Leave to Amend**

The court next considers whether Plaintiff's fraud claims should be dismissed with leave to amend. "When justice requires, a district court should 'freely give leave' to amend a complaint." *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 955-56 (9th Cir. 2023) (quoting *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016)). "Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). Nonetheless, a district court may deny leave to amend due to "'countervailing considerations' such as 'undue delay, prejudice, bad faith, or futility.'" *Ctr. for Bio. Diversity*, 80 F.4th at 956 (quoting *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015)). "Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'" *Id.* (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Additionally, a "district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." *Gonzalez v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01593-FWS-MJR                          Date: January 19, 2024
Title: Roumen B. Antonov v. General Motors LLC *et al.*

*Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

 The court finds granting Plaintiff leave to amend his fraud claims would not be futile and thus **DISMISSES** Plaintiff's fourth claim, encompassing his fraudulent misrepresentation and fraudulent concealment theories, and his fifth claim, to the extent it alleges a violation of the "fraudulent prong" of the UCL, **WITH LEAVE TO AMEND**.

 **IV.**   **Disposition**

 For the reasons stated above, the court **DENIES** the Motion to Remand.  The court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss.  Plaintiff's fraud claims, including Plaintiff's claims for fraudulent misrepresentation, fraudulent concealment, and violation of the fraudulent prong of the UCL, are **DISMISSED WITH LEAVE TO AMEND**.  The court **ORDERS** Plaintiff to file an amended pleading consistent with this Order no later than **February 19, 2024**.

  **IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku